UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMANA LEYVA,<br><br>                            Movant,<br><br>          -against-<br><br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | 23-CV-1415 (PAC)<br><br>19-CR-0667 (PAC)<br><br>ORDER |

PAUL A. CROTTY, United States District Judge:

      Movant Romana Leyva is currently incarcerated at the Federal Correctional Institution Victorville, in California. She brings this application seeking an extension of time to file a motion under 28 U.S.C. § 2255 to vacate her conviction in *United States v. Leyva*, No. 19-CR-0667 (PAC) (S.D.N.Y. Jan. 24, 2022). For the reasons set forth below, including the fact that Movant's direct appeal is still pending, the Court denies the request for an extension of time to file a Section 2255 motion.

**STANDARD OF REVIEW**

      A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking her sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Movant pleaded guilty to conspiracy to commit wire fraud and conspiracy to intentionally damage a protected computer, both in violation of 18 U.S.C. § 371.F. On January 21, 2022, the Court sentenced Movant to a below-Guidelines sentence of 100 months' imprisonment, three years of supervised release, forfeiture of $4,679,586.93, and restitution of $2,707,882.91. Judgment was entered on January 24, 2022 (ECF 69), and on January 31, 2022, Movant filed a notice of appeal (ECF 73). Counsel submitted a brief, under *Anders v. California*, 836 U.S. 738 (1967), to the Court of Appeals for the Second Circuit. On September 14, 2022, the government filed in the Second Circuit a motion to dismiss the appeal. To date, the appeal remains pending. *Leyva*, No. 22-202-cr (2d Cir.).

By application dated on February 1, 2023, Movant requested an extension of time to file a motion under 28 U.S.C. § 2255. She states that during her incarceration in the Victorville Camp in California, she has "experienced lockdown and quarantine periods due to the Covid-19 pandemic." *Leyva*, No. 23-CV-1415 (ECF 1 at 1). As a result she has "been unable to complete the filing" of her Section 2255 motion. (*Id.*)

## DISCUSSION

### A. Extension of time to file Section 2255 Motion

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of 'cases' and 'controversies.'" *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 69, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). The Second Circuit has held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed [,]" because prior to an actual filing of such a petition, "there is no case or controversy to be heard[.]" *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam).

Movant requests an extension of time to file a Section 2255 motion, but no Section 2255 motion is pending before the Court. "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim . . ., a district court is empowered, and in some instances may be required, under *Haines* [*v. Kerner*, 404 U.S. 519, 520-21 (1972),] to treat that motion as a substantive motion for relief." *Green*, 260 F.3d at 82. In this application for an extension of time, however, Movant does not include any allegations identifying the grounds on which she challenges her judgment. The Court therefore cannot construe the letter as a substantive motion. *See Application of Wattanasiri*, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (denying request for extension of limitations period to file Section 2255 motion when there was no pending motion). Movant's request for an extension of time to file a Section 2255 motion is therefore denied. As set forth below, however, it is premature for Movant to file a Section 2255 motion.

**B.      Section 2255 motion during direct appeal**

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006), and given that "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity," *Outen*, 286 F.3d at 632; *see also* Advisory Committee's Note to Rule 5 of the Rules Governing Section 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because Movant's direct appeal is pending before the Court of Appeals for the Second Circuit, *United States v. Leyva*, No. 22-202 (2d Cir.), a Section 2255 motion is premature. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date when a government-created impediment to making such a motion is removed; (3) the date when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) the date when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

A conviction generally becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*,

537 U.S. 522, 525 (2003). Even for prisoners who do not file petitions for *certiorari* following affirmance of their convictions, Section 2255's one-year limitation period begins to run when the time for seeking such review expires. *Id.* at 526; Sup. Ct. Rule 13(1) (petition for *certiorari* due 90 days after entry of the Court of Appeals' judgment).

## CONCLUSION

Movant's application seeking an extension of time to file a motion under 28 U.S.C. § 2255 is denied. The Court cannot extend the deadline for a Section 2255 motion unless a motion has been filed. Movant's application does not include substantive grounds for relief and thus cannot be deemed a Section 2255 motion. A Section 2255 motion is premature because Movant's direct appeal remains pending.

Because the motion at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 15, 2023
New York, New York

PAUL A. CROTTY
United States District Judge